

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00724-CR

Gabriel **LARA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 379th Judicial District Court, Bexar County, Texas
Trial Court No. 2018CR8433W
Honorable Ron Rangel, Judge Presiding

PER CURIAM

Sitting:      Karen Angelini, Justice
              Marialyn Barnard, Justice
              Rebeca C. Martinez, Justice

Delivered and Filed: November 14, 2018

DISMISSED FOR LACK OF JURISDICTION

Pursuant to the terms of his plea-bargain agreement, Gabriel Lara pled nolo contendere to aggravated assault with a deadly weapon. On August 14, 2018, Lara was placed on deferred adjudication community supervision for a period of ten years. The trial court then signed a certification of defendant's right to appeal stating that this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2).

On October 9, 2018, Lara filed a Motion for Leave to File a Late Notice of Appeal. Because the trial court signed the Order of Deferred Adjudication on August 14, 2018, the notice of appeal was due to be filed on September 13, 2018. TEX. R. APP. P. 26.2(a). A motion for extension of time to file the notice of appeal was due to be filed on September 28, 2018. TEX. R. APP. P. 26.3. Lara did not file a timely notice of appeal or a motion for extension of time to file a notice of appeal.

Lara requests that we grant him leave to file a late notice of appeal. However, we do not have the authority to grant such leave, as we lack jurisdiction over an appeal of a criminal conviction in the absence of a timely, written notice of appeal. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).

Moreover, we note that even had Lara filed a timely notice of appeal, Texas Rule of Appellate Procedure 25.2(d) would require this Court to dismiss his appeal. "In a plea bargain case ... a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal." *Id.* 25.2(a)(2). In *Hargesheimer v. State*, 182 S.W.3d 906, 913 (Tex. Crim. App. 2006), the court of criminal appeals held that "in a plea-bargain case for deferred adjudication community supervision, the plea bargain is complete at the time the defendant enters his plea of guilty in exchange for deferred adjudication community supervision." Thus, Texas Rule of Appellate Procedure 25.2(a)(2) "will restrict appeal only when the defendant appeals his placement on deferred adjudication community supervision pursuant to the original plea." *Hargesheimer*, 182 S.W.3d at 913. According to the court, "[u]nder this circumstance, the trial judge certifying the defendant's right of appeal may designate the case on the certification form as 'a plea-bargain case, and the defendant has NO right of appeal.'" *Id.* If, however, "the defendant filed written motions that were ruled on before his placement on deferred adjudication community supervision pursuant to Rule 25.2(a)(2)(A), or obtained permission from the trial court to appeal his placement on deferred adjudication community

supervision pursuant to Rule 25.2(a)(2)(B)," then he would have a right to appeal. *Hargesheimer*, 182 S.W.3d at 913.

Here, the clerk's record, which contains the written plea-bargain agreement, establishes that in placing Lara on deferred adjudication community supervision, the trial court complied with the plea-bargain agreement. Further, the clerk's record does not include a written motion filed and ruled upon before trial, nor does it indicate that the trial court gave its permission to appeal. The trial court's certification, therefore, appears to accurately reflect that this is a plea-bargain case and that Lara does not have a right to appeal. *See* TEX. R. APP. P. 25.2(d) (requiring appellate court to dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record").

Because Lara did not file a timely notice of appeal and because we do not have the authority to grant his motion for leave to file a late notice of appeal, we ordered Lara to show cause why this appeal should not be dismissed for lack of jurisdiction. Lara has not filed a written response showing why we would have jurisdiction over this appeal. Therefore, we dismiss this appeal for lack of jurisdiction.

PER CURIAM

Do not publish